NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| NARENDRA PATEL and NURI PATEL, <br><br> Plaintiffs, <br><br> v. <br><br> PNC BANK, as Trustee; and DOES 1-10 inclusive, <br><br> Defendants. | Civil Action No.: 2:15-3432 (CCC) <br><br> **OPINION** |

**CECCHI, District Judge.**

## I.  INTRODUCTION

This matter comes before the Court on the motion (ECF No. 7) of Defendant PNC Bank ("Defendant" or "PNC") to dismiss the Complaint of pro se Plaintiffs Narenda and Nuri Patel (collectively, "Plaintiffs") for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, Defendant's motion to dismiss Plaintiffs' Complaint is granted without prejudice.

## II.  BACKGROUND[1]

This action arises out of an uncontested foreclosure proceeding before the Superior Court of New Jersey.

---

[1] The Court will accept the facts as true for purposes of the instant motion.

Plaintiffs own a home located at 40 Meadow Bluff Road, Morris Plains, New Jersey (the "Property"). See Complaint ("Compl."), ECF No. 1, ¶ 1. On June 22, 2006, Plaintiffs obtained a home equity line of credit ("HELOC") from PNC.

The HELOC was evidenced and governed by a Choice Home Equity Line of Credit Agreement and Disclosure Statement (the "HELOC Note" or "HELOC Agreement") and was secured by an Open-End Mortgage on the Property (the "HELOC Mortgage") in the maximum amount of $240,000. See id. ¶¶ 18, 20; see also Declaration of Christopher N. Tomlin, Esq. ("Tomlin Dec."), ECF No. 7-2, Exs. 1-2.[2] The HELOC Note identifies PNC as the lender, and the HELOC Mortgage identifies PNC as the mortgagee. Tomlin Dec., Exs. 1-2. PNC is also the loan servicer of the HELOC. Compl. ¶ 23.

On December 3, 2013, PNC initiated foreclosure proceedings against Plaintiffs in the Superior Court of New Jersey, Chancery Division, Morris County (the "Foreclosure Action"). See Id., Exs. 3-4. In the Foreclosure Action, PNC alleged that Plaintiffs defaulted under the HELOC Agreement and HELOC Mortgage by failing to make their loan payments. Id., Ex. 4 ¶ 9.

On February 2, 2014, Plaintiffs, through their attorneys at the time, filed a contesting answer[3] in the Foreclosure Action. Id., Ex. 5. PNC moved to strike the contesting answer, which

---

[2] On a motion to dismiss, this Court may consider the allegations in the complaint, any exhibits attached to the complaint, matters of public record, and documents upon which the plaintiff's complaint is based. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may consider the HELOC Agreement and Mortgage because they are "explicitly relied upon in the complaint." Lum v. Bank of Am., 361 F.3d 217, 222 n.3 (3d Cir. 2004).

[3] "In a foreclosure action in New Jersey, there is a unique practice with respect to filed answers, called the 'uncontested answer practice.' An answer is deemed contested if it disputes the validity or priority of plaintiff's mortgage or lien and creates an issue with respect thereto; only contested foreclosure answers are listed for trial and placed on the general equity calendar . . . An uncontested answer, on the other hand, does not require action by the vicinage chancery judge and permits plaintiff to proceed, on motion, before the Office of Foreclosure for an uncontested judgment pursuant to the rule." 30A N.J. Prac., Law of Mortgages § 30.32.

contained only general denials (e.g. "Neither Denied or Admitted"). Id., Exs. 5, 6. On September 26, 2014, the Superior Court Judge granted PNC's motion to strike Plaintiffs' answer, ordered a default entered against Plaintiffs, and directed that the Office of Foreclosure proceed with the Foreclosure Action "as an uncontested matter." Id., Ex. 7.

On May 19, 2015, Plaintiffs instituted the present action before this Court, by filing a Complaint against PNC alleging: Breach of Contract (Count I), Violation of the Real Estate Settlement Procedures Act ("RESPA") (Count II),[4] Quiet Title (Count III), Declaratory Relief (Count IV), Injunctive Relief (Count V), Negligence Per Se (Count VI), Accounting (Count VII), Breach of the Covenant of Good Faith and Fair Dealing (Count VIII), Breach of Fiduciary Duty (Count IX), and Wrongful Foreclosure (Count X). Plaintiffs allege that shortly after origination, the HELOC was sold to a securitized trust. Compl. ¶ 21. They further contend that PNC should have, but did not, prepare and record an assignment of the mortgage to effectuate the alleged sale of the HELOC. Id. ¶¶ 31-32, 32. Finally, Plaintiffs assert that the Mortgage was improperly separated from the Note. Id. ¶¶ 46, 48-51, 105, 114. On July 1, 2015, PNC filed the instant Motion to Dismiss. ECF No. 7.

## III. LEGAL STANDARD

### A. Motion to Dismiss for Failure to State a Claim

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

---

[4] Plaintiffs appear to have withdrawn their RESPA claim, in that they reference a cause of action as "REPA" as one which they seek to withdraw. See Pl. Br. at p. 3, ECF 42-2. "Plaintiffs, in a showing of good faith, shall withdraw the following causes of action: 1. HOEPA 2. IIED 3. TILA 4. REPA[.]" Id. Other than the claim for a violation of RESPA, or "REPA," the remaining withdrawn claims do not appear to be at issue in this case. Notwithstanding the proposed withdrawal, Plaintiffs' RESPA claim is discussed further below.

3

on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 545 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

## IV. DISCUSSION

Plaintiffs' Complaint alleges that the state court Foreclosure Action was improper because: (1) PNC was required to, but did not, prepare and record an assignment of the HELOC Mortgage; and (2) the HELOC Agreement and the HELOC Mortgage allegedly have been separated. Essentially, Plaintiffs seek to invalidate the pending Foreclosure Action. Plaintiffs also allege that Defendant violated RESPA, by failing to respond to a qualified written request ("QWR") as

required by the Act. Defendant has moved to dismiss Plaintiffs' Complaint for, among other things, lack of subject matter jurisdiction, pursuant to the Rooker-Feldman Doctrine, and for failure to state a claim pursuant to the Colorado River Abstention Doctrine.

The Court finds that application of the Colorado River Abstention Doctrine should result in dismissal of all of Plaintiffs' claims, save for the RESPA claim. Accordingly, those claims (Counts I, III, IV, V, VI, VII, VIII, IX, and X) will be dismissed without prejudice. With regard to Plaintiffs' RESPA claim (Count II), even if Plaintiffs have not withdrawn that claim, it should nevertheless be dismissed because Plaintiffs fail to state a claim to relief that is plausible on its face.

### A.  Dismissal of Counts I, III-X Pursuant To Colorado River Abstention

Pursuant to the Colorado River Abstention Doctrine, this Court will dismiss Plaintiffs' claims for Breach of Contract (Count I), Quiet Title (Count III), Declaratory Relief (Count IV), Injunctive Relief (Count V), Negligence Per Se (Count VI), Accounting (Count VII), Breach of the Covenant of Good Faith and Fair Dealing (Count VIII), Breach of Fiduciary Duty (Count IX), and Wrongful Foreclosure (Count X).

The Colorado River Abstention Doctrine applies[5] when there is a parallel state court proceeding. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 800 (1976). In Colorado River, the Supreme Court explained that federal district courts may abstain from hearing cases and controversies under "exceptional circumstances where the order to the

---

[5] Apart from abstention pursuant to Colorado River, Defendants also argue that this Court lacks subject matter jurisdiction pursuant to the Rooker-Feldman Doctrine. It is unclear whether the Rooker-Feldman Doctrine applies at this point. See Daniels v. Cynkin, 34 F. Supp. 3d 433, 439 (D.N.J. 2014) aff'd, 597 Fed. App'x 704 (3d Cir. 2015) ("The Third Circuit has not yet ruled on the question of when state court proceedings have ended for Rooker–Feldman purposes . . . ."). The parties are not precluded from raising the Rooker-Feldman Doctrine at a later time.

parties to repair to the State court would clearly serve an important countervailing interest." Id. at 813. In deciding whether to apply abstention, federal courts must first decide whether the federal proceeding and state proceeding are "parallel"—meaning, the state proceeding involves the same parties and raises "substantially identical claims [and] nearly identical allegations and issues." Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc., 571 F.3d 299, 307 (3d Cir. 2009) (internal citation omitted). After deciding this threshold question in the affirmative, federal courts next consider six factors to determine whether "extraordinary circumstances" merit abstention: "(1) [in an in rem case,] which court first assumed jurisdiction over [the] property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties." Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc., 571 F.3d 299, 308 (3d Cir. 2009) (quoting Spring City Corp. v. American Bldgs. Co., 193 F.3d 165, 171 (3d Cir. 1999).

### 1. The State Court Proceeding Is Parallel To This Action

Here, in addressing the threshold question, the Court finds that the state court Foreclosure Action is indeed parallel to the current action. First, the state court Foreclosure Action involves the same exact parties—Plaintiffs and PNC. The pro se Plaintiffs here, who were initially represented by counsel during the Foreclosure Action, filed an answer to the foreclosure complaint by PNC. See Tomlin Dec., Ex. 6, ECF. 7-7. In that answer, they had an opportunity to raise against PNC these state claims, which are now the subject of Plaintiffs' instant Complaint. Moreover, because the Plaintiffs only now raise these state claims, which seek to invalidate the state foreclosure proceeding, a decision by this Court could result in an inconsistent judgment that conflicts with the state court foreclosure judgment. Accordingly, the Court finds that the

Foreclosure Action is sufficiently parallel to the instant matter.

### 2. Application Of The Six-Factor Test Supports Abstention

Having found the proceedings are parallel, this Court next reviews the six Colorado River factors to decide whether abstention should apply.

First, the state court has jurisdiction over the res (Plaintiffs' home), which is located in New Jersey. Second, the federal forum is not inconvenient to the parties, given that this District Court is located in New Jersey, the Plaintiffs reside in New Jersey, and the Defendant previously sued Plaintiffs in New Jersey state court. Thus, the second factor of the Colorado River Abstention test does not appear significant to the analysis. However, factors three, four, five, and six are important and dictate that extraordinary circumstances exist that merit the Court's abstention.

Regarding the third factor—the desirability of avoiding piecemeal litigation—this Court finds that allowing Plaintiffs' state causes of action to proceed in federal court would create duplicative litigation with potentially inconsistent outcomes. As mentioned above, these state claims[6]—based on breach of contract and wrongful foreclosure—essentially seek to invalidate the parallel Foreclosure Action which is currently pending in state court.[7] In St. Clair v. Wertzberger, 637 F. Supp. 2d 251, 255 (D.N.J. 2009), the district court observed that:

> [A] federal court ruling that defendants should not have filed the foreclosure action because of plaintiff's objection letter, and a contemporaneous state court judgment allowing the foreclosure would throw into turmoil the parties' rights and obligations over plaintiff's home and mortgage, as well as the comity between courts. It would also effectively constitute an injunction enjoining the state court from ordering a foreclosure sale, which is prohibited by the Anti–Injunction Act. 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or

---

[6] Those claims are: Breach of Contract (Count I), Quiet Title (Count III), Declaratory Relief (Count IV), Injunctive Relief (Count V), Negligence Per Se (Count VI), Accounting (Count VII), Breach of the Covenant of Good Faith and Fair Dealing (Count VIII), Breach of Fiduciary Duty (Count IX), and Wrongful Foreclosure (Count X).

7

where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."). Here, Plaintiffs seek both declaratory and injunctive relief. Thus, a ruling which Plaintiffs request (i.e. that the mortgage is void, that PNC does not have standing, and thus that PNC was not entitled to bring a foreclosure proceeding against Plaintiffs) would derail the state court proceeding. E.g., Ruffolo v. HSBC Bank USA, N.A., No. CIV.A. 14-638 MAS, 2014 WL 4979699, at *4 (D.N.J. Oct. 3, 2014) ("[P]laintiffs' Complaint requests a declaration or injunction that would nullify or possibly contradict any ruling of the state court as to whether the transfer of title was proper. Any relief that could be granted by this Court would directly impact New Jersey's interest in protecting the authority of its judicial system."). Moreover, allowing Plaintiffs to litigate their mortgage and foreclosure issues before this Court would result in duplicative proceedings in state and federal court, resulting in piecemeal and potentially inconsistent decisions. See, e.g., Sheldrick v. Wells Fargo Bank, N.A., No. CIV. 15-5332, 2015 WL 5098180, at *4 (D.N.J. Aug. 31, 2015) (abstaining from proceeding because of duplicative litigation) ("[T]he action 'implicate[s][an] important state interest—foreclosure of a property in New Jersey' . . . [and] [g]ranting the relief that Plaintiffs' Complaint requests 'would cause havoc with the rulings of the state court[.]'" (internal citations omitted)). Thus, the third factor weighs heavily in favor of this Court's abstention.

Similarly, the fourth factor—the order in which jurisdiction was obtained—supports abstention too. The state court proceeding was initiated in the Superior Court of New Jersey in December 2013. In September 2014, the Superior Court granted PNC's motion to strike Plaintiffs' answer and ordered a default entered against Plaintiffs. Plaintiffs' Complaint was filed in federal court in May 2015, long after their answer had been stricken in state court. Accordingly, because jurisdiction over these state claims was first obtained in state court, and the state court maintains jurisdiction over them, the fourth factor also weighs in favor of this Court's abstention.

Last, the fifth and sixth factors—whether federal or state law controls, and whether the state court will adequately protect the interests of the parties—also weigh in favor of abstention. All of Plaintiffs' claims, besides their RESPA claim, are controlled by state law. Because a final judgment has not yet been entered in the Foreclosure Action, plaintiffs may still have an opportunity to contest the default and to raise these claims—either before the lower court or through the state court appellate process. See, e.g., US Bank Nat. Ass'n v. Guillaume, 209 N.J. 449, 466-67, 38 A.3d 570, 579-80 (N.J. 2012) ("When nothing more than an entry of default pursuant to Rule 4:43–1 has occurred, relief from that default may be granted on a showing of good cause."); Intek Auto Leasing, Inc. v. Zetes Microtech Corp., 268 N.J. Super. 426, 633 A.2d 1029 (N.J. App. Div. 1993) (finding lessee who moved to vacate default judgment had meritorious defense and was entitled to evidentiary hearing to determine authenticity of signatures on acknowledgement documents.). Therefore, state law controls Plaintiffs' claims, and the state court can adequately protect the parties' interests. Plaintiffs have not put forth a reason why the state court would be an inadequate forum for those purposes.

Accordingly, because the Foreclosure Action is parallel to this case and: (1) the state court has jurisdiction over Plaintiffs' home, located in New Jersey; (2) neither forum is inconvenient for the parties; (3) a ruling by this Court on Plaintiffs' claims could potentially undermine the judgment in the parallel state court proceeding; (4) the state court was the first to obtain jurisdiction in this case; (5) state law controls the vast majority of Plaintiffs' claims; and (6) Plaintiffs' rights and claims may still be litigated in the state Foreclosure Action, which has not yet come to final judgment, this Court will abstain from hearing Plaintiffs' state law claims (Counts I, III-X) and dismiss that portion of Plaintiffs' Complaint without prejudice.

9

### B. Dismissal of Count II, Violation Of RESPA, For Failure To State A Claim

This Court finds that Plaintiffs' remaining claim, violation of RESPA (Count II), should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[8] RESPA, 12 U.S.C. § 2605, contains a requirement that:

> If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.

12 U.S.C.A. § 2605(e). Plaintiffs allege that they sent a QWR[9] to Defendant, and that Defendant did not respond to the QWR. Plaintiffs further allege that as a result of Defendant's failure to respond, "Plaintiffs had to expend money to determine the correct identity of the actual parties in interest [which] would have been unnecessary had PNC complied with the RESPA statute." See Compl. ¶¶ 92-95.

To the extent that Plaintiffs have not withdrawn their RESPA claim, this Court finds that Plaintiffs have not alleged "sufficient factual matter, accepted as true, to 'state a claim to relief that

---

[8] As noted previously, Plaintiffs appear to have withdrawn their RESPA claim. See Pl. Br. at p. 3. ("Plaintiffs, in a showing of food faith, shall withdraw the following causes of action . . . 4. REPA"). The Court's reasoning in this Section proceeds to the extent that Plaintiffs have not already withdrawn their RESPA claim.

[9] A QWR is:

> a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that—
>
> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
>
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).

10

is plausible on its face.'" Ashcroft, 556 U.S. at 662 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570). Namely, the Complaint does not include the date when Plaintiffs allegedly made a QWR, how they made that QWR, or what that QWR contained (i.e. whether it contained a request for information relating to the servicing of the loan).

When examining pleadings with similar allegations, other courts in this District have found that the RESPA claims failed to meet the applicable pleading standards and consequently dismissed those claims. See, e.g., Tredo v. Ocwen Loan Servicing, LLC, No. CIV.A. 14-3013 JLL, 2014 WL 5092741, at *9 (D.N.J. Oct. 10, 2014) ("Moreover, Tredo's RESPA claim should be dismissed because Plaintiffs do not set forth any facts that support the reasonable inference that Tredo sent a proper Qualified Written Request to Defendant."); Franklin v. Fin. Freedom Acquisition, LLC, No. CIV. 12-7884 RBK/JS, 2014 WL 1316093, at *6 (D.N.J. Apr. 1, 2014) ("Thus, in addition to the three-year time bar, the Court finds that the qualified written request allegation fails because it is nothing more than a threadbare conclusion that a violation has occurred. See Iqbal, 556 U.S. at 678."); O'Connor v. First All. Home Mortgage, No. CIV.A. 12-111 SRC, 2012 WL 762351, at *2 (D.N.J. Mar. 6, 2012) ("The Complaint does not allege that the letter requested information relating to the servicing of the loan . . . The RESPA claim, in short, is pled in the conclusory manner Iqbal and Twombly have made clear will not pass muster under Rule 8(a)."). Nor have the Plaintiffs responded to any of these deficiencies, which Defendant pointed out in its moving papers. Accordingly, Plaintiffs' claim for a violation of RESPA (Count II) will be dismissed for failure to state a claim.

## V. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss Plaintiffs' Complaint is granted without prejudice. To the extent the deficiencies in Plaintiffs' Complaint can be cured by

way of amendment, Plaintiffs are granted thirty (30) days to file an Amended Complaint solely for purposes of amending the dismissed claims.

An appropriate Order accompanies this Opinion.

Dated: January 28, 2016

CLAIRE C. CECCHI, U.S.D.J.